| STATE OF INDIANA | ) | | IN THE WAYNE _____ COURT |
| --- | --- | --- | --- |
| | ) | SS: | |
| COUNTY OF WAYNE | ) | | CAUSE NO. |

CHRISTOPHER HUGHES and )
SHANNON HUGHES )
                                        )
    Plaintiffs,                  )
                                        )
        v.                       )
                                        )
SPEEDWAY LLC               )
                                        )
    Defendant.                  )

## COMPLAINT

Plaintiffs Christopher Hughes and Shannon Hughes, by counsel, hereby assert claims for relief against Defendant Speedway LLC. In support hereof, the Plaintiffs state and allege:

1. At all times relevant herein, Christopher Hughes was domiciled in Richmond, Indiana.

2. At all times relevant herein, Shannon Hughes was domiciled in Richmond, Indiana.

3. At all times relevant herein, Speedway LLC was doing business in Richmond, Indiana.

4. At all times relevant herein, Cynthia Lewis was an employee of Speedway LLC and working within the scope of the said employment. As a result of an employee-employer relationship, Speedway LLC is liable, under the theory of *respondeat superior*, for the negligent acts or omissions of Cynthia Lewis.

5. On June 28, 2019, at approximately 11:48 a.m., Christopher Hughes was

1

operating a Harley Davidson westbound on East Main Street, approaching the intersection with Hayes Arboretum Road, in Richmond, Indiana.

6. At said date and time, Cynthia Lewis was operating a Toyota eastbound on East Main Street, waiting to turn left onto Hayes Arboretum Road, in Richmond, Indiana.

7. At said date and time, Cynthia Lewis operated the Toyota in such a negligent manner that it was turned left into the path of the Harley Davidson being occupied by Christopher Hughes, causing a collision.

8. At all times relevant herein, Cynthia Lewis owed various duties which included, but are not limited to, the following:

   a. a duty to exercise reasonable and ordinary care in the operation of the vehicle;

   b. a duty to maintain proper control of the vehicle;

   c. a duty to keep a proper lookout;

   d. a duty to operate the vehicle at a reasonable speed under the circumstances in order to avoid a collision;

   e. a duty to not turn the vehicle from a direct course upon the roadway unless the movement could be made with reasonable safety;

   f. a duty to not change from one traffic lane to another unless the movement can be made with reasonable safety; and

   g. a duty to yield the right-of-way.

9. On June 28, 2019, at approximately 11:48 a.m., Cynthia Lewis negligently

breached the duties that were owed which included, but are not limited to, the following:

    a.    failing to exercise reasonable and ordinary care in the operation of the vehicle;

    b.    failing to maintain proper control of the vehicle;

    c.    failing to keep a proper lookout;

    d.    failing to operate the vehicle at a reasonable speed under the circumstances in order to avoid a collision;

    e.    turning the vehicle from a direct course upon the roadway when the movement could not be made with reasonable safety;

    f.    changing from one traffic lane to another when the movement could not be made with reasonable safety; and

    g.    failing to yield the right-of-way.

10. Some or all of Cynthia Lewis's negligent acts or omissions were violations of statutes or ordinances, for which there was no excuse or justification, that were designed to protect the class of persons, in which Christopher Hughes was included, against the risk of harm which occurred as a result of the violations.

11. As a direct and proximate result of Cynthia Lewis's negligence, Christopher Hughes:

    a.    has sustained injuries, which might be permanent in nature and have affected the ability to function as a whole person;

    b.    has sustained physical pain and mental suffering, and it is likely

      physical pain and mental suffering will be experienced in the future, as a result of the injuries;

c.   has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

d.   may have had personal property damaged or destroyed, lost the use of personal property, and incurred towing and storage expenses;

e.   may have lost earnings, profits or income;

f.   may have lost or suffered an impairment of earning capacity;

g.   may have sustained bodily disfigurement or deformity; and

h.   may have been otherwise damaged and injured.

12. As a direct and proximate result of Cynthia Lewis's negligence, Shannon Hughes:

a.   lost the care, society, companionship, support, and service of a spouse and it is likely that said care, society, companionship, support, or service will be lost in the future; and

b.   may have been otherwise damaged or injured.

**WHEREFORE**, Plaintiffs Christopher Hughes and Shannon Hughes pray that the Court enters a judgment against Defendant Speedway LLC, and for Plaintiffs, in an amount sufficient to reasonably compensate Plaintiffs for the damages incurred and injuries sustained, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC


*/s/ Samantha C. Craig Stevens*
Samantha C. Craig Stevens, #32553-49


*/s/ Whitney L. Coker*
Whitney L. Coker, #32556-48


Attorneys for Plaintiffs:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)